(No. 1664, June 17, 1914) .

JAMES W. REED, Appellant, vs. WILLIAM E. ROG-
ERS, et al., Appellees.

### SYLLABUS BY THE COURT.

1. Where the complaint in an action for rescission of an executed contract for the sale of land alleges that the title to a certain portion of the land transferred to the plaintiff has failed and this failure of title is admitted by the answer, which answer also sets up and alleges that the plaintiff took possession with full knowledge of the state of the title, that he has held the land in question three years before bringing suit, that he has offered to sell some of it, exercised complete dominion over the same, made improvements thereon, and that he is estopped to claim recission by reason of laches; in such a state of the pleadings it is not error on the part of the trial judge to deny a motion for judgment on the pleadings as the allegations in the pleadings raise issues to be passed upon by the court.

P. 181

2. In a case for rescission of an executed contract of sale, in which the defendant gave the plaintiff a warranty deed, the trial court, failing to find either fraud, mutual mistake or other equitable grounds for rescission, properly holds that the plaintiff relied upon his covenants of title in the conveyance and properly refuses to grant rescission.

P. 182

3. Where in a suit for recission of an executed contract for sale of land, in which the defendant grantor had given the plaintiff grantee a warranty deed under which plaintiff went into possession and held same for three years, with knowledge of the state of the title, made improvements, attempted to sell portions of the land, and exercised complete dominion over the same, and where the trial court finds as a fact that if there were misrepresentations as to the character or kind of land plaintiff could have discovered them within one year and is guilty of laches,—in such a case the plaintiff

is not entitled to rescission but can only recover upon the covenants in his deed.

P. 183

Appeal from District Court, Chaves County; John T. McClure, Presiding Judge. Affirmed.

GIBBANY & BLACK, CLIFTON MATTHEWS, Roswell, N. M., for Appellant.

Sale or Exchange of Real Property. 39 Cyc., pp. 1405, 1406; 16 Ark. 433; 29 A. & E. Enc. 667.

Mistake as to Title. 2nd Pom. Eq. Jur., 3rd Ed., Par. 849; 136 S. W., p. 310; 1 Edw. Ch. 467; 47 L. R. A. 367; 8 N. W. 605.

Doctrine of Laches. 82 Kan. 485; Simpkins Eq., p. 81.

### STATEMENT OF FACTS.

In August, 1908, the appellant agreed to exchange his lands in Stonewall County, Texas, consisting of about 666 acres and described as Surveys 320 and 329 of said county and state, for certain lands of the appellees in Eddy county, New Mexico, and pursuant to said agreement he conveyed his Texas lands to the appellees at that time for the consideration of $13,000, subject to encumbrances described in the warranty deed. In consideration of said deed the appellees agreed to convey and did convey their lands in Eddy County New Mexico, to appellant for the consideration of $19,000. The appellees retained a mortgage on the New Mexico lands for $6,000, payable in three equal annual installments of $2,000 each, bearing interest at the rate of ten per cent. Each party went into possession of the respective lands thus acquired and so held possession until the summer of 1911, at which time the appellant learned that the title to 160 acres of the land which he had acquired from the appellees had entirely failed and that the land could not be patented under the appellee's script filing. After giving notice to the appellees the appellant brought this suit in October 1911.

The complaint sets up false and fraudulent represent-ations of the appellees as to the value and fertility of the land and damages therefor, and also the right to rescind on the ground of failure of the title to 160 acres. The swer admits the failure of title to the 160 acres; admits that the script which had been filed thereon was invalid and sets up as a defense that the appellant did not come into court with clean hands because one William G. Reed, a son of the appellant, had made some settlement upon the land which appellees had conveyed by warranty deed to the appellant. The appellees further pleaded estoppel on account of laches as to the misrepresentations as to quality and price of the lands and that appellant had encumbered said lands with mortgages and tax liens and was not in a position to place the appellees in statu quo. To this de-fense the appellant replied that a second mortgage was placed on the land for the purpose of drilling an artesian well and was a necessary improvement; that the appellant had been unable to produce crops on said lands because they were so badly "alkalied" that it killed any crop he sowed; that he tried to make it productive but had failed; that appellant had only learned of the actual state of the title during the summer of 1911 and that he immediately demanded rescission, and when the same was refused brought this action.

Before the trial began plaintiff filed a motion for judg-ment on the pleadings, which was not passed upon by the court at the time but was denied in the judgment of the trial court given later.

Upon the trial of the case the court held as to false rep-resentations as to title, quality, value and fertility of the land that plaintiff had slept upon his rights in these par-ticulars, as well as to his damages. The court found that the title to the 160 acres had failed but there were no fraudulent representations regarding the title. There-upon the court dismissed the complaint, and the appellant has appealed upon the record proper.

OPINION.

RAYNOLDS, D. J.—The appellant assigns error as follows:

1. The District Court erred in not sustaining plaintiff's motion for judgment on the pleadings, because plaintiff's right to the rescission and cancellation prayed for in his complaint was fixed and determined by the charge in said complaint and the admission in defendant's answer that there had been a failure of title as to 160 acres of the 420 acres of land which defendants had attempted and pretended to convey to plaintiff.

2. The District Court erred in not giving judgment for plaintiff, after trial of this cause on the merits, because the aforesaid failure of title, as idmitted by defendants, and as found by the court from the evidence, showed such gross and palpable fraud, or mutual mistake, as to make it inequitable for the court to refuse to grant the rescission and cancellation prayed for by the plaintiff.

3. The District Court erred in giving any consideration whatever to defendants' plea of laches, or to their defense that the parties could not be placed in statu quo, because, as admitted in their answer, and as found by the court from the evidence, defendants themselves were at all times, and are still, in default as to title to the aforesaid 160 acres, and, therefore, not entitled to interpose any such plea or defense in a court of equity.

The appellant assumes in the first assignment of error that the mere fact that the pleadings showed a failure of appellees to make title in regard to the 160 acres of the 420 acres transferred would of itself entitle him to a judgment of rescission. In this we think he is mistaken.

It is a familiar principle that on a motion for judgment upon the pleadings all the allegations of the pleadings are to be taken as true and that if an issue of fact is raised the motion cannot be granted. Sutherland on Code Pleading, Vol. 1, Sec. 1447; Noland vs. Owens, 74 Pac. (Okla.) 954; Moore vs. Murry, 75 Pac. (Mont.), 514, and cases cited.

Further, there are other allegations in the pleadings

which set forth the condition of affairs, explaining the
failure of title. It appears that when the exchange of
property was made between the parties the appellant went
into possession and had remained in possession for three
years before this suit for rescission was brought; and it
appeared further that the appellant had made extensive
improvements and would have been unable to have re-
turned the property to the appellees in statu quo. It fur-
ther appeared from the pleadings that the appellees al-
leged that plaintiff had taken possession with full knowl-
edge of the title to the property in question being a script
location; and further it was alleged that it was because
of the action of plaintiff's son, with plaintiff's approval,
instituting a homestead claim upon the 160 acres in ques-
tion that defendants were unable to make title to the prop-
erty after the government had refused to patent the land
under defendants' first application. In view of all these
allegations in the pleadings, which raised issues to be
tried, it can hardly be contended that the plaintiff was
entitled to judgment of rescission on the pleadings or
that the court erred in refusing to grant such motion.

The second and third assignments of error may be treat-
ed together as they involve the same proposition.

The trial court, in its opinion and findings, which are
a part of the record before us, found that although the
plaintiff had been in possession for three years, he had
slept upon his rights, both as to the represeneations as to
the quality of the land and the title; that he had allowed
an unreasonable length of time to pass before he brought
his suit for rescission on account of misrepresentotions or
fraud as regarding the character or quality of the land
or failure of title. In fact, the trial court found no equita-
ble ground on which rescission could be given.

The law on this subject is well stated under the title,
Vendor and Purchaser, 39 Cyc., page 1413, where the
following principle is laid down, sustained by numerous
authorities:

"Where a purchaser enters into possession under a con-
tract executed by a conveyance with covenants of war-

ranty, he is not entitled to rescind for failure of title in the vendor or for defect in the title, but must seek his remedy in an action at law on the covenants, in the absence of fraud, mistake, insolvency, or non-residence of the vendor, or unless the purchaser has suffered eviction by title paramount to that of the vendor. * * * * The remedy which a court of law can afford unless some extraneous circumstances intervene to prevent it, is fully adequate to all the demands of justice; and that is a sufficient reason why a court of chancery will not interpose."

Where a contract has been full and completely performed a court of equity will not grant relief by way of rescission unless the strongest of reasons exist for its interposition, and this is true even though the circumstances of the case are such that were the contract still executory a court would not decree specific performance at the suit of the other party. It has been held frequently that nothing short of actual fraud or mistake will justify the court in decreeing rescission of an executed contract. Seddon et al. vs. Northeastern Salt Co., Ltd., et al., 1 Am. & Eng. Ann. Cases, page 544, and note thereto:

"Cancelling an executed contract is an exertion of the most extraordinary power of a court of equity. The power ought not to be exercised except in a clear case and never for an alleged fraud unless the fraud be made clearly to appear. Never for alleged false representations unless their falsity is certainly proved and unless the complainant has been deceived and injured by them." Atlantic Delaine Co. vs. James, 94 U. S. 207.

"Where a party desires to rescind upon the ground of mistake, or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent and continue to treat the property as his own, he will be held to have waived the objection and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted." Grymes vs. Saunders, 93 U. S. 62.

The authorities cited by the appellant in his brief which we have carefully examined, apply to executory contracts where the rule is different from the one applicable in a case of this kind.

"Here is a contract which has been fully executed. * * * The consideration has been paid ,the conveyance executed, and full covenants have been given and accepted. There is no suggestion of insolvency or non-residence, or that the plaintiff's remedy at law would not be adequate. * * * It seems to us that much of the apparent conflict that is found in the adjudicated cases on this subject is due to a failure to observe the distinction which obtains between the rules applicable to a contract still executory and one actually executed." Decker vs. Schultze, 27 L. R. A. 355.

There are other reasons on the face of the record why it is apparent that rescission should not be granted in a case of this kind. There is nothing to show the value of the property for which it is alleged the title failed as compared with the remainder of the lands. The allegations made in the answer and not specifically denied, showing collusion between the appellant and his son, although not taken into consideration in this opinion, on the face of the record would be a ground for denying rescission.

Finding as we do no error in the record, the decision of the district court is herewith affirmed.

### SYLLABUS BY THE COURT.

