(No. 2167.    January 15, 1918.)

YOUNG, et al. v. DUGGER.

SYLLABUS BY THE COURT.

The use of water for the irrigation of lands, by private persons, constitutes a "public use," and in aid thereof the lands of another may be condemned for ditch purposes.

Appeal from District Court, Lincoln County; Medler, Judge.

Condemnation proceeding by Hal Young and another against Waverly G. Dugger. From a judgment dismissing the petition, plaintiff's appeal. Reversed, with instruction to vacate the judgment.

George B. Barber, of Carrizozo, for appellants.

Right of eminent domain may be exercised to obtain easement over lands for ditch purposes. Sec. 5656, 2098, Code 1915.

H. B. Hamilton, of Carrizozo, for appellee.

Condemnation is purely statutory, and property must be taken for a public use only. Leyba v. Armijo, 11 N. M. 441; Albuquerque L. & Irr. Co. v. Gutierrez, 10 N. M. 237; Albuquerque v. Garcia, 17 N. M. 450; Fallbrook Irr. Dist. v. Bradley, 41 L. Ed. 389; Sweet v. Rechel, 40 L. Ed 188; Clark v. Nash, 49 L. Ed. 1085.

## OPINION OF THE COURT.

PARKER, J. This is an appeal from the district court of Lincoln county by Hal Young and James N. Baskin from a judgment of the court dismissing their petition for condemnation of certain lands of the appellee, Waverly G. Dugger.

The petition alleged facts showing that the appellants were desert entrymen under the laws of the United States of certain land, and that the appellee was in possession of another tract of land under the homestead laws of the United States; that the appellants were the owners of an irrigation ditch heading and tapping the waters of Nogal creek, and running thence in a northwesterly direction about 2½ miles to a reservoir situate on the lands of appellants; that said ditch and reservoir, together with flumes and laterals, constituted an irrigation plant used to irrigate lands of the appellants; that the application of appellants to appropriate waters from said creek had been approved by the state engineer; and that it is necessary to condemn certain described land of appellee for said ditch for the purpose of carrying water to said lands of appellants and applying said water to the irrigation of crops thereon. It was also alleged that it had become necessary for the maintenance of appellant's said ditch and irrigation plant and the use thereof to acquire said real estate, together with the right to enter upon said lands "through gates, to be construct-

ed and maintained by plaintiffs in the fences of defendant inclosing said land and real estate.'' It was also alleged that the parties had been unable to agree on the amount of compensation to be paid the appellee for such rights, and that appellee had obstructed the said ditch of appellants to their great injury and damage.

Appellee filed a motion to make the petition more definite and certain. One of the grounds thereof was that the petition failed to state facts showing that the use to be made of the lands sought to be condemned was of a public nature rather than of a private nature. The court sustained the motion on the theory that the use was private and not public. Appellants refused to plead further, and judgment dismissing the complaint was entered.

The sole question presented in this case is whether the right of condemnation exists in favor of private persons for the purpose of conveying water for irrigation purposes over the land of another. The question as to whether such right exists in favor of one occupying land under the desert land laws of the United States and against one occupying land under the homestead laws of the United States was not determined by the trial court. and is immaterial here. The case of City of Albuquerque v. Garcia et al., 17 N. M. 448, 130 Pac. 118, holding that the use of water for irrigation purposes constitutes a public use, controls the decision in this case. Appellee, however, argues that the petition was defective because it failed to allege that there was surplus water in the Nogal creek. and cites Albuquerque Land & Irrigation Co. v. Gutierrez, 10 N. M. 177, 61 Pac. 357, as authority for the proposition that such allegation is essential. In that case it was held that the right to condemn land by irrigation companies was dependent upon the right of the person, seeking to condemn the land, to the use of water, which in turn was dependent upon whether there was any surplus water subject to appropriation. The doctrine of that case has no application here, for the right to the use of the water by appellants is clear

from the allegation in the petition that their application to appropriate water from the Nogal creek was granted by the state engineer, the officer in control of such matters. | The right to divert the waters of said creek to the extent granted by the state engineer vested in the appellants, and the court erred in sustaining the motion in this respect and in entering judgment of dismissal for the appellee.

For the reasons stated, the judgment of the trial court will be reversed, with instructions to vacate the judgment dismissing the complaint; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.