(No. 2252. Feb. 2, 1920.)

## DUGGER v. YOUNG et al.

### SYLLABUS BY THE COURT

Where the answer denies material allegation in the complaint and an issue of fact is raised, it is error to grant a motion for judgment on the pleadings.

Error to District Court, Lincoln County; Medler, Judge.

Condemnation proceedings by Hal Young and another against Waverly G. Dugger. Judgment for planntiffs, and defendant brings error. Reversed, with instructions.

H. B. HAMILTON, of Carrizozo, and FRANCIS C. WILSON and DANIEL K. SADLER, both of Santa Fe, for plaintiff in error.

G. B. BARBER, of Carrizozo, for defendants, in error.

OPINION OF THE COURT

RAYNOLDS, J.   This case is before the court for the second time.   The first decision is reported under title of Young v. Dugger, 23 N. M. 613, 170 Pac. 61, where a judgment dismissing the plaintiffs' and appellants' complaint was reversed and the case remanded. In the former appeal the plaintiff alleged, among other things, that their application to appropriate waters had been approved by the state engineer.   A motion was filed to make the complaint more definite and certain, and the motion was sustained by the trial court on the ground that the appropriation of the water was shown to be for a private and not a public use.   The plaintiffs then refused to plead further and judgment was entered dismissing the complaint.   From this judgment, the first appeal was taken, and this court reversed the case on the ground that under the decision of City of Albuquerque v. Garcia, 17 N. M. 448, 130 Pac. 118, the use of water for irrigation purposes constitutes a public use; and the court further held that, by the allegations of the approval of the state engineer of plaintiffs' application to appropriate water, they had acquired the right to divert the waters in question to the extent granted by the state engineer, said engineer being the officer in control of these matters.   See Young et al. v. Dugger, 23 N. M. 613, at 615 and 616, 170 Pac. 61.

On the second trial below the plaintiffs alleged, among other things:

"That they were the owners of 480 acres of desert land; that they own a certain irrigation ditch; that plaintiffs have made an appropriation of water in the Nogal creek to supply water for irrigation, which said appropriation has been allowed and approved by the state engineer; and that the irrigation ditch has been recently completed at a cost to plaintiffs of $695."

Defendant in his answer alleges that "he is not possessed with sufficient information on which to admit" these allegations, "and therefore denies the said allegations and demands strict proof of the same."

· Plaintiff then moved for the appointment of three com-misisoners to assess the damages due defendant for the condemnation of his land, and at the same time moved to strike defendant's answer from the files. The court overruled the motion to strike the answer from the files, but granted the motion to appoint commissioners. Plain-tiffs then moved the court for judgment on the plead-ings, and defendant at the same time asked leave to take evidence in support of the allegations in his answer. The court granted the motion for judgment on the pleadings and denied the defendant the right to introduce evidence in support of his answer. Thereafter the commissioners filed their report which was approved by the judge, and by its terms allowed $50 damages to defendant and gave plaintiff the right of way over defendant's land for the maintenance of said irrigation ditch.

Defendant sued out a writ of error to this court as-signing among other things, the action of the trial court in sustaining the motion for judgment on the pleadings and denying him leave to take evidence in support of the allegations in his answer. The defendant in error, plaintiff below, has filed a motion to dismiss the appeal on the ground that the questions in controversy here have been settled in the former appeal.

We do not take this view of the case. The former opinion decided that the allegations of the complaint setting forth the approval of the appropriation which had been made by the state engineer, and the fact that these waters were alleged to be intended for irrigation pur-poses stated a cause of action, and that it was error for the trial court to dismiss the complaint containing such allegations. In this second appeal the truth of many of the allegations in the complaint is denied by the answer, raising an entirely different question, namely, whether or not the court erred in granting a motion for judg-ment on the pleadings, when the answer contained denials of allegations in the complaint, and also the refusal ot

the trial court to allow the defendant to introduce evidence in support of his allegations. These points were not raised in the former appeal. We believe the motion to dismiss the appeal is not well taken, and it is therefore denied.

Defendant, the plaintiff in error here, urges that the court below committed error in sustaining the motion for judgment on the pleadings and denying him the right to introduce evidence in support of his allegations. The denial of the facts was on information and belief, but there was an issue of fact which the court cannot disregard in granting this motion. Although many of the matters set forth in the answer are irrelevant and immaterial under the former decision of this case and the court could have stricken them upon proper motion, there is a denial of the plaintiff's ownership of the property and ditch, and also a denial of the approval by the state engineer of the appropriation of water. This denial upon information and belief raises an issue of fact, and the burden is upon the plaintiff to prove his case. Clark v. Apex Gold Mining Co., 13 N. M. 416, at 421, 85 Pac. 968; the motion for judgment on the pleadings ignores this issue and treats facts alleged as admitted, when they are in truth denied by the answer.

The court therefore erred in granting the motion for judgment on the pleadings, and the case is reversed, with instructions to deny the motion for judgment on the pleadings and proceed with the trial of the case, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.