[No. 3216.   Dec. 4; 1929.]

In re LANDERS' ESTATE.
OSBORN et al. v. OSBORN.

[283 Pac. 49.]

432

Fitzhugh & Fitzhugh, of Clovis, for appellant.

Patton & Patton and A. W. Hockenhull, all of Clovis, for appellees.

OPINION OF THE COURT

SIMMS, J.   The facts of this case have been partially stated in Re Landers', Estate, 33 N. M. 102, 263 P. 509, where we refused to dismiss this appeal.

Appellant is here presenting certain legal questions on the record proper; there being no bill of exceptions or transcript of testimony in the record.

The pleadings in this matter have been considerably involved, and in particular the appellant has contributed to this result. He started out to get rid of four claims against the estate of the deceased, by a motion in the district court to strike them because they had not been filed within the year after the appointment of the administrator.   Section 2278, Code 1915.   In this motion he alleged that he was a party in interest by means of the assignment to him of two allowed claims, and also by assignment of all her right, title, and interest in the estate from the sole heir of the deceased.   Two of the claimants answered his motion, treating it as a complaint, and denied that he was assignee or had any interest in the matter, and further setting up facts upon which they claimed an estoppel.

Appellant then filed another motion to strike, this time directed against the answer on legal grounds. He says he intended this motion to be treated as a motion for judgment on the pleadings, and the lower court and appellees evidently treated it in that light. We will so consider it here. The court overruled his motion, and appellant refused to plead further. He did not offer any evidence. The lower court then overruled his first motion to strike the claims, and allowed them, from which this appeal followed. The third claimant, Clara Williams, in her answer to the first motion, did not deny appellant's status as a party in interest, but set up facts by way of estoppel, as did the other claimants. A similar course of ruling was had on her claim, and appellant appeals from that order also.

Appellees contend that, since two of them denied the allegation of interest of appellant, and no proof was offered, the judgment overruling appellant's motion amounts to an adjudication by the lower court that the appellant had no interest in the case as assignee or otherwise and should not be heard. The record contains the order of removal of the administration from the probate to the district court, under chapter 40, Laws 1919, under appellant's application wherein he says he is a party in interest and the administrator entered his general appearance and did not object to the order. The effect of this order was to adjudicate that appellant was, as he claimed to be, a party in interest who had a right to apply for the removal. It bound the administrator and those represented by him. The trial court should have taken judicial notice of this order, made as it was in the same cause pending before him. Baca v. Catron, 24 N. M. 250, 173 P. 862. Appellees had no right to tender an issue of fact as to appellant's status unless and until they had gotten rid of the effect of the order of removal, by proper proceedings directed against it, and the trial court should not have considered that there was any issue of fact made by the pleadings, as to appellant's right to sue. As a party aggrieved, appellant had the right of appeal. Chapter 43, Laws 1917, which was in force when

judgment was entered, now rule 2, § 1, of the Rules of this court.

■ Next we should dispose of the question of whether the court erred in refusing to remove the administrator, where appellant affirmed and the administrator denied the grounds put forward as cause. Since appellant had the burden of sustaining petition for removal, and introduced no proof, the court properly denied the petition.

■ Appellant claims that there is error in the court's judgment allowing the claims of Clara Williams for $612.-80 and John M. McCuan for $250, for the reason that it appears from the record that neither of them was filed in the probate court within one year after the date of the administrator's appointment. By his motion for judgment on the pleadings he admits the truth of the defensive allegations of the claimants. Reed v. Rogers, 19 N. M. 177, 141 P. 611; Dugger v. Young, 25 N. M. 674, 187 P. 552. Those allegations were, in substance, that the claimants had properly prepared their claims and presented them to the administrator, who approved them in writing, within the year, that they were dissuaded from filing them or further pursuing their legal remedies by the action of appellant's assignor, Mrs. Martin, the sole surviving heir of the deceased, who requested them to refrain from incurring further costs, and promised them that their claims were recognized as valid and would not be objected to. They say that they were thus lulled into permitting the year to expire without filing the claims, and that appellant, who took with knowledge of these facts, by assignment from Mrs. Martin of all of her right, title, and interest in the estate, is estopped, as Mrs. Martin would be, from objecting to these claims. They also state that the administrator knows their claims to be just, and that he has in his report to the court affirmatively waived the bar of the statute and consented that the court allow the claims.

If an estoppel to set up the bar of the statute of nonclaim, section 2278, supra, could ever be predicated on conduct, it would seem that this case should afford an example. But neither the heir nor the administrator con-

trols the statute of nonclaim. It was enacted to facilitate the closing of decedent's estate with safety, and contains no saving clause or discretionary provisions, such as are sometimes found in the statutes from other states. Our statute says the claimant must file his claim and give notice of a proposed hearing on it within the year. We have held that both of these requirements must be met. Buss v. Dye, 21 N. M. 150, 153 P. 74. It is not necessary that the hearing should be conducted within the year, if the filing and notice comply with the statute. O'Brien v. Wilson, 26 N. M. 648, 196 P. 803. Neither the conduct of the heir towards claimants, as unjust as it may have been, nor the efforts of the administrator to avoid the statutory bar, can avail anything. The statute is mandatory. 24 Corpus Juris, "Executors and Administrators," p. 364, and cases cited. See, also, an able exposition of this question wherein the difference between the statute of nonclaim and the general statutes of limitations is discussed in Woerner's American Law of Administration (3d Ed.) par. 402. It follows that, in overruling appellant's motion for a judgment of disallowance and in allowing the claims of Clara Williams and John M. McCuan, the trial court's judgment was erroneous.

The only remaining question in the cause is as to the claim of the administrator personally, for $492.75, which it appears was approved by the administrator within the year, and after the year expired was found among the papers in the clerk's office without a filing mark, and was accordingly filed as of the later date when the clerk discovered the omission. The probate court, by order duly entered after the year expired, found and held the claim was just, and allowed it "nunc pro tunc as of August 1st, 1925," which latter date is within the year. This of necessity involves a finding that the claim was properly filed, notice given, and that it was approved and supported by corroborative evidence as required by law. This judgment of allowance has never been reversed or set aside, and appellant's motion to strike could not avail to change or alter it, and was properly overruled as to this claim.

It follows that the judgment of the lower court, refusing to remove the administrator, and overruling appellant's motion to strike the claim of the administrator, was correct and should be affirmed; that, as to the claims of Clara Williams and John M. McCuan, said judgment should be reversed, and the cause should be remanded, with instructions to disallow each of said two claims as prayed for by the appellant, and it is so ordered.

WATSON and CATRON, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.