394 P.2d 278

**BOARD OF COUNTY COMMISSIONERS OF DONA ANA COUNTY, New Mexico, Petitioner-Appellant,**

v.

**R. F. SYKES and Richard E. Sykes, Defendants-Appellees.**

**No. 7458.**

Supreme Court of New Mexico.

July 27, 1964.

Earl E. Hartley, Atty. Gen., Hadley Kelsey, Joseph L. Droege, John C. Worden, Oliver G. Ricketson, Neil Stillinger, George D. Sheldon, Richard T. Whitley, E. E. Chavez, Sp. Asst. Attys. Gen., Santa Fe, Dan Sosa, Jr., Las Cruces, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellees.

CASWELL S. NEAL, District Judge.

This action was filed by the Board of County Commissioners of Dona Ana County (hereinafter called plaintiffs), to acquire, by condemnation, certain lands from the defendant-appellees Sykes, et al. (hereinafter referred to as Sykes), for the purpose of widening State Road 227, originally 25 feet wide, to 60 feet in width. For such purpose, land totaling 0.587 acre, of the agreed value of $1,000.00 per acre was condemned, for which Sykes was awarded $587.00. No appeal is taken from this award.

In addition, plaintiffs took from Sykes a strip of land, 20 feet in width and 1,024.5 feet in length, running east and west, on which plaintiffs constructed and relocated an irrigation ditch extending from the Three Saints Canal of the Elephant Butte Irrigation District along the northerly line of the Sykes property and immediately south of the acreage condemned. This ditch was constructed to be used solely and exclusively for the purpose of irrigating the private lands of one of the defendants, Olin N. Boyer. The court below denied plaintiffs authority to relocate the irrigation ditch on the land of Sykes and ordered that the ditch, which had already been constructed upon Sykes' property, be removed and that Sykes' land be restored to its original condition. Plaintiffs appeal.

The court made the following findings of fact, to which no objections are made:

"II. That for many years prior to commencement of this action a public or county road approximately 25 feet

in width extended easterly from the Three Saints Canal parallel and contiguous to the northerly boundary of the aforesaid Sykes Tract and a tract of the Defendant, Olin N. Boyer, lying easterly and contiguous to the Sykes Tract, and Boyer Tract being designated on records of the Elephant Butte Irrigation District at Las Cruces, New Mexico as USRS 21–74B and as Tract No. 3 in the petition herein.

"III. That prior to commencement of this action the Defendant, Olin N. Boyer, and his predecessors in interest intermittently conducted water from the Three Saints Canal for the irrigation of their lands through a borrow ditch in and along the southerly edge of the east-west road, which was a mere permissive use.

"IV. That approximately 12 to 15 acres in spotted and irregular locations on the Olin N. Boyer lands have been irrigated from said ditch in recent years, and that as reflected by records of the Elephant Butte Irrigation District only 3.96 acres of the Boyer lands are classified for irrigation or subject to project construction charges.

"V. That no grant or eastment has been given by the Defendant, R. F. Sykes, or his predecessors in title to anyone for an irrigation ditch over his lands for the use of the defendant Boyer.

"VI. That in addition to lands of the Defendant, R. F. Sykes, actually taken for public use and road purposes herein, petitioner has also taken a strip 20 feet in width and 1,024.5 feet in length from west to east on which petitioner has constructed and relocated an irrigation ditch extending from the easterly side of the Three Saints Canal along the northerly portion of the Sykes Tract to lands of the Defendant, Olin N. Boyer, on the east, which ditch is used solely and exclusively for irrigation of private lands of said Olin N. Boyer.

"VII. That the defendant, R. F. Sykes, and his predecessors in interest have at all times maintained a private and separate ditch for the irrigation of the Sykes lands from the Three Saints Canal, and said Defendant has not used and does not require use of the Olin Boyer ditch for the irrigation of his lands.

"VIII. That the said irrigation ditch relocated on lands of the defendant, R. F. Sykes, is no part of and has no relationship to the public road constructed and used by petitioner herein, and that petitioner will have no use or control of said ditch, but the same is for the sole and exclusive individual and private use and benefit of the Defendant, Olin N. Boyer."

**438**

■ From the foregoing, it is apparent that the use by Boyer of the borrow ditch along the south side of the old highway right-of-way, as an irrigation ditch to convey water to his 3.96 acres of land, classified for irrigation by the irrigation district, was permissive only. Its use for such purpose was subject to termination at will and vested in him no property right as against the public.

■ The relocation of the ditch was not a matter of public interest or concern and the taking of the private property of Sykes upon which to relocate a ditch, which plaintiffs had no obligation, duty or right to relocate, is not a public use either under Article II, Sec. 20, of the New Mexico Constitution or under the provisions of the statutes of the state relating to the acquisition by condemnation of lands for highway purposes.

■ Boyer, having nothing but a permissive license to the use of the old highway borrow ditch, has no right to have an irrigation ditch constructed and relocated at public expense on the private lands of Sykes. 2 Nichols, Eminent Domain (3rd Ed.), §§ 523.6, 523.7; Sinclair Pipe Line Co. v. United States, 152 Ct.Cl. 723, 287 F.2d 175; · Great Northern Ry. Co. v. Washington Electric Co., 197 Wash. 627, 86 P.2d 208.

■ If Boyer desires such a right-of-way for irrigation purposes, he may resort to the statutes authorizing private persons, at their own expense, to acquire by condemnation the lands of another for such purposes. §§ 75–1–3 and 75–14–1 et seq., N.M.S.A.1953.

■ Plaintiffs had no right or obligation to acquire Sykes' property upon which to construct and relocate a ditch for Boyer. To permit plaintiffs to do so would permit the taking by the public of private property for private use, which is not within the contemplation of the law. Private property cannot be taken without some public necessity therefor or advantage therefrom. 18 Am.Jur. 658, § 34; 18 Am.Jur. 734, § 107; Note 54 A.L.R. 7, at 44, "Conclusions." Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904; Luke v. Massachusetts Turnpike Authority, 337 Mass. 304, 149 N.E.2d 225; Young v. Dugger, 23 N.M. 613, 170 P. 61; and Land and Irrigation Co. v. Gutierrez, 10 N.M. 177, 61 P. 357, relied upon by the plaintiffs, all deal with land being acquired when some public use or control is contemplated, or where the condemnor is required to replace land taken in condemnation from a private individual. Suffice it to say that, as noted above, Boyer having no right in the borrow ditch, the state was under no duty to give him another ditch.

Plaintiffs contend that timely objections to the petition for a license to relocate the ditch were not taken, and that therefore Sykes is entitled only to just compensation for the land taken by the relocation of the ditch. The defenses raised by Sykes in the amended answer, that the district court was without jurisdiction to grant the relief prayed for, may be raised at any time. Maes v. Old Lincoln County Memorial Commission, 64 N.M. 475, 330 P.2d 556.

The District Court of Dona Ana County was wholly without jurisdiction to take private property for private use without some public necessity or advantage therefrom. None is shown.

The judgment of the lower court should be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.