The STATE of Delaware, upon the relation of the STATE HIGHWAY DEPART-MENT, Plaintiff,

v.

0.622 ACRES OF LAND, MORE OR LESS, ETC., Samuel Schneider and Hannah Schneider, his wife, et al., Defendants.

Superior Court of Delaware.

New Castle.

May 12, 1969.

Aubrey B. Lank, Wilmington, for plaintiff.

Howard M. Handelman, Wilmington, for defendants.

QUILLEN, Judge.

The Schneiders own property which is being condemned by the State Highway Department. They also own a corporation which leases part of the property to operate a retail liquor store pursuant to license to operate a retail liquor store at that location only. The corporation, Printz Liquor Mart, Inc., contends it is entitled to compensation under the Delaware Constitution for the taking of its license and business.

Article 1, Section 8, Del.C.Ann. provides in pertinent part:

"* * * nor shall any man's property be taken or applied to public use without the consent of his representatives, and without compensation being made."

In general, a property owner is only entitled to compensation for the real estate interest taken and not for any business operated on the real estate. Wilmington Housing Authority v. Nos. 312–314 East Eighth St., 5 Storey 252, 191 A.2d 5 (Sup.Ct.1963); Improved Parcel of Land, etc. v. State, 7 Storey 454, 201 A.2d 453 (Sup.Ct.1964).

The defendant claims, however, that this case is unique because, under the Delaware

Alcoholic Beverage Law, it cannot move its current business to a new location comparable to the site of its present location. Under the geographic limits in law, an existing licensee can only move within 300 feet of its current location. 4 Del.C. § 543(f) (3) as added by 55 Del.Laws. Ch. 342, eff. May 26, 1966. No such site is available. Moreover, under the remaining portion of 4 Del.C. § 543(f), geographical monopolies are effectively given and new licenses are restricted and would be unavailable for the current business of the defendant. 4 DelC. § 543(f) as added by 55 Del.Laws Ch. 116, eff. July 10, 1965.

The defendant raises a substantial problem which can have a significant economic impact. But, even assuming, without deciding, that these facts are enough to create an exception to the general rule that a condemnation does not take a business but only the real estate, the very peculiar liquor laws that lend credence to the defendant's claim also destroy it. The State of Delaware exercises peculiar and exclusive control over alcoholic liquors. A license to sell alcoholic liquor is not property in any legal and constitutional sense. It is a mere temporary permit issued under the authority of the State in the exercise of its police power to do that which otherwise would be unlawful. Darling Apartment Co. v. Springer, 25 Del.Ch. 420, 22 A.2d 397, 137 A.L.R. 803 (Sup.Ct.1941); Demarie v. Delaware Alcoholic Beverage Control Commission, 1 Storey 206, 143 A. 2d 119 (Sup.Ct.1958). Unfortunately, every licensee in liquor business runs the substantial risk that his permit may be eliminated for a number of reasons. In hardships like the instant case, the Legislature has provided only a limited degree of relief by permitting some preference to licensees in the defendant's position in regard to obtaining a new license. 4 Del.C. § 543(g) as added by 55 Del.Laws Ch. 116. This Court cannot give relief in an eminent domain proceeding by judicially declaring the permission to operate a retail liquor store is a Constitutional property right. It is established that such permission is not "property" in a Constitutional sense and this necessarily precludes relief under Article 1, Section 8 of the Delaware Constitution.

The defendant is not entitled to compensation for its license to sell alcoholic beverages and for its retail liquor business.