514 P.2d 1260

James M. TIDWELL and Earline H. Tidwell, husband and wife, Appellants,

v.

STATE of Arizona ex rel. Justin HERMAN, Director, Arizona Highway Department, Appellee.

No. 2 CA–CIV 1474.

Court of Appeals of Arizona, Division 2.

Oct. 22, 1973.

Platt & Platt by Mitchel D. Platt, St. Johns, for appellants.

Gary K. Nelson, Atty. Gen. by John L. Jones, Asst. Atty. Gen., Phoenix, for appellee.

OPINION

KRUCKER, Judge.

A summary judgment in favor of the State on appellants' counterclaim in inverse eminent domain is the subject of this appeal.

The State instituted an eminent domain action to condemn a right-of-way for highway purposes across certain patented land of appellants and others. Appellants counterclaimed for damage to their forest grazing permit alleging:

"1. . . . The Plaintiff in it's [sic] Complaint has not alleged any taking of land currently held under grazing permit by James and Earline Tidwell be-

longing to the United States of America and administered by the Forest Service of the Department of Agriculture. The newly constructed highway not only passes through the properties of the Defendant Tidwell as described in Plaintiff's Complaint but also proceeds south from the property described in Plaintiff's Complaint and enteres upon the Forest Permit belonging to James and Earline Tidwell and traverses that permit for approximately seven miles or a distance to be proven at trial.

2. Said new highway is now fenced whereas the old highway as it existed prior to the condemnation proceedings was unfenced and cattle were generally free to graze back and forth across the road permitting full utilization of the grazing capacity of the Forest Permit and free use of watering facilities on either side of the highway. As now constructed and fenced, the cattle which formerly grazed north of the highway and watered on the south side of the highway are no longer able to do so since they will not use the highway underpasses and indeed cannot be made to use the highway underpasses either for watering purposes or for movement from one part of the range to the other. Consequently, several sections of grazing area just north of the highway will not be utilized because they are too far from the Roosevelt Lake watering points and there is no usable access to the wells south of the highway.

3. As a consequence of the aforementioned condition, Defendants have suffered severance damage to their United States Forest Grazing Permit as heretofore set forth to which the Defendants are entitled to fair and just compensation. . . . "

The State, after filing a responsive pleading, moved for summary judgment on the counterclaim supported by affidavits. Its position was that appellants' grazing permit was not "property" within the pur-

view of Art. 2 § 17, Arizona Constitution, A.R.S.:

". . . No private property shall be taken or damaged . . . without just compensation. . . . "

The supporting affidavits included: (1) that of the Forest Supervisor of the Tonto National Forest that the grazing permits granted on May 15, 1969, to the Tidwells referred to lands which lay entirely within the boundaries of the Tonto National Forest, owned by the United States of America; (2) that of the supervisor of the Title Division of the Right of Way Section, Arizona Highway Department, stating that title reports reflected that, except for certain lands owned by the defendants, all other lands to be taken for right-of-way purposes for the highway project lay entirely within the confines of the Tonto National Forest which was owned by the United States of America; and (3) a similar affidavit from the Deputy Chief Right of Way Agent of the Arizona Highway Department.

Appellants filed their opposition to the motion for summary judgment in which they conceded that if the federal government was the plaintiff in this litigation and was condemning the property, they would have no compensable interest. They cited the cases of Garcia v. Sumrall, 58 Ariz. 526, 121 P.2d 640 (1942); and Oman v. United States, 179 F.2d 738 (10th Cir. 1949) as supporting their position that their interest in the grazing land was such as to entitle them to compensation from the State of Arizona. They also cited the case of Board of Supervisors of County of Modoc v. Archer, 18 Cal.App.3d 717, 96 Cal.Rptr. 379 (1971), which held that a forest permit is a possessory interest subject to state taxation. Cases relied upon by appellants, however, are not apposite. They also conceded that "unquestionably, Federal Government, as the owner of the land can grant its use under such conditions as it sees fit. . . . "

The State, therefore, in its response to appellant's opposition, attached an affidavit

of the recreation and land staff officer in charge of the recreational lands lying within the Tonto National Forest who is responsible for all special use permits. He stated that he had personally examined and was familiar with a Special Use Permit granted on June 12, 1971, to the Arizona Highway Department for the construction and realignment of the Apache Trail Highway. A copy of the special use permit was attached to the affidavit as an exhibit. The State argued, therefore, that since the highway construction was by virtue of specific authorization from the United States Government, any interference with appellants' use of their grazing permit was not compensable.

The trial court, in granting the State's summary judgment on appellants' counterclaim, found that the right-of-way in question had been granted to the State by the federal government and therefore no compensable damage resulted to appellants.

16 U.S.C.A. § 580*l* provides:

> "Permits for grazing livestock on national forests
>
> The Secretary of Agriculture in regulating grazing on national forests and other lands administered by him in connection therewith is authorized, upon such terms and conditions as he may deem proper, to issue permits for the grazing of livestock for periods not exceeding ten years and renewals thereof: *Provided,* That nothing herein shall be construed as limiting or restricting any right, title, or interest of the United States in any land or resources." (Italics in original)

The Secretary of Agriculture also has authority, under such regulations as he may prescribe, to grant permanent or temporary easements for specified periods or otherwise for road rights-of-way over national forest lands and other lands administered by the Forest Service. 16 U.S.C.A. § 533.

It is the position of appellants that their permit to graze in Tonto Forest was a valuable right hence compensable. It is true that in the case of Garcia v. Sumrall, supra, the Supreme Court of Arizona held that *lessees* under the Taylor Grazing Act, 43 U.S.C.A. § 315, et seq. could recover damages from third persons for wilful trespass. *See also,* Oman v. United States, supra. The factual posture in *Garcia,* however, is different since it involved a lease rather than a permit. A grazing lease has been recognized as an interest in property, hence compensable, but a mere license does not rise to the status of a lease. United States v. Certain Parcels of Land in San Bernardino County, 296 F.Supp. 774 (D.C.1969). Our Supreme Court has characterized grazing permits as "privileges." Atkins v. Hooker, 56 Ariz. 197, 106 P.2d 485 (1940).

Appellants' permit from the federal government was a mere license and gave them no estate or property right in the land. 98 C.J.S. Woods and Forests § 11(g); Acton v. United States, 401 F.2d 896 (9th Cir. 1968), cert. den. 393 U.S. 1121, 89 S.Ct. 1003, 22 L.Ed.2d 128 (1969). A license, being a mere permissive user, is not "property" in a constitutional sense. State v. 0.622 Acres of Land, More or Less, etc., 254 A.2d 57 (Del.Super.1969); Board of County Commissioners of Doña Ana County v. Sykes, 74 N.M. 435, 394 P. 2d 278 (1964).

In the case of Osborne v. United States, 145 F.2d 892 (9th Cir. 1944), the court stated:

> "It is safe to say that it has always been the intention and policy of the government to regard the use of its public lands for stock-grazing, either under the original tacit consent or, as to national forests, under regulation through the permit system, as a privilege which is withdrawable at any time for any use by the sovereign without the payment of compensation." 145 F.2d at 896.

Appellants' permit gave them no interest in the forest land except to allow them to graze a certain number of cattle thereon and it could be withdrawn by the federal government at any time or limited

**6**

by permitting use of the land for other purposes. Placer County Water Agency v. Jonas, 275 Cal.App.2d 691, 80 Cal.Rptr. 252 (1969); State Highway Commission v. Fortune, 77 S.D. 302, 91 N.W.2d 675 (1958).

We believe the following statement in *Jonas*, supra, is pertinent:

" . . . [A] naked possessor of federal lands is deemed in law the owner until the government *'or a person showing legal right or title under it,* makes entry upon the lands; but his right or claim must yield to the paramount authority of the United States, or the demands of the grantee.' (Italics in original) In the instant case, the United States Government, through the Commission, has granted a [license] to Agency for the purpose of developing the water and power resources of the United States, and . . . the licensees's rights must yield to the demands of the government's grantee." 80 Cal.Rptr. at 256.

The court also pointed out that the concept of "property interest" for taxation purposes is entirely different from that of compensable interest in eminent domain.

Since appellants had no property interest, the trial court properly ruled in favor of the State on the counterclaim.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.