## CUMMINGS v. COE.

Courts of Equity possess jurisdiction to decree the re-execution of a deed accidentally destroyed. The jurisdiction is maintained in such cases where the destruction of the deed would create a defect in the deraignment of the plaintiff's title, and thus embarrass the assertion of his rights to the property.

Until a consummation of a sale of real property upon execution is made by a conveyance from the sheriff, the estate remains in the judgment-debtor. Until then, the purchaser possesses only a right to an estate which may afterwards be perfected by conveyance.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

In April, 1851, the defendant sold, and by deed conveyed, certain real property to the plaintiff. In the month of May following, the deed was accidentally destroyed by fire in San Francisco, and this suit was instituted to compel the defendant to execute to the plaintiff a new deed of the premises.

The complaint is verified by the plaintiff, and is accompanied by an affidavit of the execution and destruction of the deed made by the notary, with whom the instrument was left a day or two previous to the fire, in order that a certificate of acknowledgment might be attached by him, he having taken the acknowledgment of the grantor to the deed.

Previous to the commencement of the suit, the plaintiff requested the defendant to execute to him (the plaintiff) a new deed of the same premises, and prepared and presented to the defendant a draft of the new deed for that purpose. The defendant refused to execute a new deed, and this suit was then brought. The proof was full as to the execution and destruction of the deed of April, 1851. In defence to the suit, the defendant introduced in evidence the record of a judgment recovered in the Superior Court of the city of San Francisco, on the seventeenth of July, 1852, by one J. H. Atchinson, against the plaintiff, for, among other things, costs, amounting to $182 90; and, also, an execution issued upon such judgment, which recites the recovery for costs to have been for $189 90. The return of the sheriff on the execution states that the property was sold to one Clark, but the certificate of sale, which was also introduced, specifies

34

that the property was purchased by the defendant. There was no evidence of the execution by the sheriff of any deed upon such sale, after the expiration of the six months allowed by law for redemption. The defendant obtained judgment, and the plaintiff appealed.

*F. P. Tracy* for Appellant.

1. Equity will compel the re-execution of a deed accidentally destroyed by fire before record. Adams' Equity, 166 ; Willard's Eq. Jurisp., 300.

2. The defence is, that after the conveyance made, defendant acquired all the rights plaintiff had to the land by purchase at sheriff's sale, under judgment, in favor of J. H. Atchinson against the plaintiff.

The defects in the proceedings upon which the defendant relies, are fatal :

1. The judgment appears in the judgment-roll to be for $182 90 costs. The execution recites. that it is issued on a judgment for $189 90.

2. The return to the execution shows that the land was sold to ——— Clark for $50, and no conveyance from Clark to defendant is shown.

3. The certificate contradicts the return in showing that the land was sold to defendant, and not to Clark.

4. A certificate is no evidence of title, and no other evidence is introduced.

So it appears that there is no judgment to support the execution—that the return to the execution proves the certificate to be false—and that the certificate is the only evidence of title in the defendant.

FIELD, J., after stating the facts of the case, delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The proof of the execution of the deed and of its accidental destruction, is full and satisfactory, and the jurisdiction of a Court of Equity to decree a re-execution of the deed, is unquestionable. The jurisdiction is maintained in such cases where the destruction would create a defect in the deraignment of the plaintiff's title, and thus embarrass the assertion of his rights to the property. "If a conveyance to a purchaser," observes Sugden, " have accidentally been burned, the seller will be compelled, upon a re-sale, to join in a conveyance to the new purchaser, or, of course, if the estate is not re-sold, to again convey to the first purchaser." (On Vendors, Chap. IX, § 4, 27 ; Adams' Equity, 167.)

The defendant rested his defence upon an alleged subsequent purchase of the premises at a sheriff's sale, on execution, issued upon a judgment recovered against the plaintiff. The record of

the judgment introduced shows a recovery for $182 90 costs; the execution issued recites such recovery to have been for $189 90; the return of the sheriff specifies that the sale was made to Clark; the certificate names the defendant as the purchaser; and it does not appear that any deed was ever executed. Whether the execution was warranted by the judgment, or whether the certificate of sale can control the return of the officer, are questions which it is not necessary to consider for the determination of the present case. It is a sufficient answer to the defence that there was no consummation of the sale by the execution of a sheriff's deed. Until such consummation, the estate remained in the judgment-debtor. Until then, the purchaser possessed only a right to an estate which might have been perfected by conveyance. (McMillan v. Richards, 9 Cal., 412, 415 ; Smith v. Colvin, 17 Barb., 161.)

The execution of a new deed to the plaintiff, will not prejudice any rights the defendant may have acquired under the sheriff's sale, if, in fact, such sale was ever consummated, as he can recite in it the destruction of the first deed, and the object of the re-execution.

Judgment reversed, with directions to the Court below to enter a decree in conformity with this opinion, but without costs against the defendant.