[No. 3,958.]

## CATHERINE MARIA CONLIN *v.* WILLIAM RYAN.

COMPLAINT TO ENFORCE EXECUTION OF A DEED.—In an action to compel a
party to make a second deed to the plaintiff, in place of one which has
been lost without being recorded, an averment in the complaint, that
the plaintiff demanded a deed and offered to pay the expenses, but that
the defendant refused, is a sufficient averment of demand.

ONE DEMAND FOR DEED SUFFICIENT.—When a party is entitled to have a sec-
ond deed in place of one that has been lost, one demand for its execution
is sufficient.  The party is not required to wait a reasonable time after
the first demand, and then make a second demand.

MAKING A SECOND DEED IN PLACE OF ONE LOST.—If a deed is lost or mislaid,
and cannot, after diligent search, be found, and has not been recorded,
and the party receiving it is thereby deprived of written evidence of his
title, a Court of equity will compel the grantor to make a second deed.

IDEM.—In such case, the question of the negligence, if any, by which the
loss of the deed was occasioned, is not to be considered, except with
reference to costs.

DEMAND FOR A DEED.—The rule that after a reasonable time a second de-
mand for a deed must be made, does not prevail in this State.

PRESERVATION OF TITLE PAPERS TO LAND.—Even gross neglect in the preser-
vation of title papers to land will not forfeit the estate nor bar the claim
to be relieved against their loss.

APPEAL from the District Court of the Fourth Judicial
District, City and County of San Francisco.

This is an action by a married daughter against her father to compel the execution of a second deed to certain premises, the first deed having been lost before it was recorded. The property had been conveyed by the plaintiff and her husband to the defendant in trust, to be reconveyed to plaintiff as her separate property. The cause was referred to the Court Commissioners, who reported findings in favor of the plaintiff. Thereupon the plaintiff moved for judgment, which was denied, and, on motion of the defendant, the Court dismissed the complaint, ordering judgment for the defendant. The plaintiff appealed.

*Quint & Hardy*, for Appellant, cited *Cummings* v. *Coe*, 10 Cal. 529, and *Swift* v. *Arentis*, 4 Cal. 390, in support of plaintiff's right to the deed: and as to the allegations of the complaint, they relied upon *Parrot* v. *Byers*, 40 Cal. 622.

*John M. Burnett*, for Respondent, referred to *Hoody* v. *Hoard*, 2 Carter, Ind. 474, and *Warrall* v. *Mann*, 17 N. Y., 476, on the first point, and on the second he cited *Connelly* v. *Pierce*, 7 Wend. 129, and *Fuller* v. *Hubbard*, 6 Cowen, 1. He also argued that equity could not be invoked as long as plaintiff had a clear, speedy and adequate remedy at law. That an action in ejectment was the proper remedy, if out of possession. If in possession, a suit to quiet title, under the statute, was the remedy.

By the COURT:

1. The complaint contains a sufficient averment as to a demand for a deed having been made upon the defendant. It alleges as follows: "Plaintiff, on the 26th day of February, 1870, demanded of defendant the execution of another deed conveying said property to plaintiff, and then and there offered to pay the expenses thereof, and the defendant failed and refused, and still fails and refuses, to make or deliver such or any deed to plaintiff." There was no necessity to make a second demand after the lapse of a reasonable time from the making of the first demand. The

rule prevailing in the State of New York in that respect, and relied upon by the counsel for the respondent, does not exist in this State. (*Gray* v. *Dougherty,* 25 Cal. 266.)

2. Nor can there be any doubt that the plaintiff stated a case in her complaint which entitles her to a deed from the defendant. The deed she had received from him had not been recorded, but had been lost or mislaid, and could not be found after diligent search, and she was thereby deprived of the written evidence of her title. The fact of loss being averred, and nothing appearing to show that the loss was willful on her part, the question of the degree of mere negligence, if any, by which the loss was occasioned, is not to be considered, unless it be with reference to costs. Even gross neglect upon her part in the preservation of her title papers would not forfeit her estate, nor bar her claim to be relieved against their loss. In *Cummings* v. *Coe,* 10 Cal. 529, relief in this form was given where the deed had been accidentally destroyed by fire. "The jurisdiction," we said in that case, "is maintained in such cases where the destruction would create a defect in the deraignment of the plaintiff's title, and thus embarrass the assertion of his rights to the property." No distinction upon principle is perceived between the case of the accidental destruction of the instrument by fire, and that of its accidental loss by any other misfortune of the party.

The other points do not require a particular notice.

Judgment reversed and cause remanded for further proceedings.