PATROSSO, J.
 

 Plaintiff appeals from a judgment of nonsuit in an action of unlawful detainer instituted by him pursuant to section 1161a, subdivision 1, of the Code of Civil Procedure. The facts are not in dispute and may be briefly stated.
 

 
 *Supp. 849
 
 Pursuant to a writ of execution issued upon a judgment obtained against defendants herein in the Municipal Court of the Los Angeles Judicial District, wherein Customcraft Sheet Metal Products, Inc. was plaintiff, the sheriff of Los Angeles County, on May 4, 1954, sold the property here involved to parties named, Nishimine, Curtwright and Sevilla, and issued to them his certificate of sale therefor. Subsequently thereto and prior to the expiration of the period of redemption from the foregoing execution sale, plaintiff obtained judgments against defendants, upon which, at the time of plaintiff’s redemption from the previous sale presently to be noted, there was due $1,827.51. Abstracts of said judgments were duly recorded prior to April 27, 1955, at which time plaintiff paid to the sheriff the requisite amount to effect a redemption from the sale to Nishimine, Curtwright and Sevilla, and thereafter on October 19, 1955, the sheriff issued to plaintiff, his certificate of redemption which was duly recorded on November 2, 1955. On May 2, 1955, defendants paid to the sheriff the sum of $61.81 for the purported purpose of effecting a redemption from the plaintiff, the defendants contending then, as they do now, that they were entitled to redeem from plaintiff without payment of his judgment, by virtue of which he redeemed from the purchasers at execution sale. Thereafter, following the expiration of the period of redemption, and on November 7, 1955, plaintiff instituted the present action in unlawful detainer, seeking possession of the property in question. Other salient facts will appear in connection with the discussion of the various contentions of the respective parties.
 

 Defendants advance various reasons in support of the judgment of nonsuit which we shall proceed to consider seriatim.
 

 1. Defendants first contend (although this does not clearly appear to have been one of the grounds of their motion for nonsuit) that plaintiff’s redemption from the sale under execution was ineffectual because plaintiff was not entitled to redeem by virtue of his judgment against the defendants. The argument is that, inasmuch as plaintiff did not obtain his judgment until after the property was sold under execution in the prior action, he acquired no lien thereon and hence he did not qualify as a redemptioner under Code of Civil Procedure, section 701, subdivision 2. The argument requires no extensive discussion as it is conclusively answered and disposed of adversely to defendants by the recent ease
 
 *Supp. 850
 
 of
 
 Clark
 
 v.
 
 Cuin
 
 (1956), 46 Cal.2d 386, 388-393 [295 P.2d 401].
 

 Defendants next contend that plaintiff’s redemption was ineffectual in that plaintiff did not record notice of redemption as is required (so defendants say) by Code of Civil Procedure, section 703. A proper understanding of this contention requires an amplification of the statement of facts appearing in an earlier part of this opinion. When plaintiff redeemed from the purchasers at execution sale, he delivered to the sheriff the following: (1) written notice of intention to redeem; (2) certified copies of the judgments in favor of plaintiff against defendants; (3) affidavit showing the amount actually due under his judgment lien; and (4) cash in the sum of $60.00, representing the amount for which the property was sold to the purchasers at execution sale, together with accrued interest and a redemption fee of $2.90. There is no contention that the amount paid by plaintiff to the sheriff was not the requisite amount required to effect a redemption in accordance with Code of Civil Procedure, section 702. It is also clear that the documents then delivered to the sheriff constituted all that are required by Code of Civil Procedure, section 705. The controversy here, therefore, revolves about the proper construction to be accorded to the fourth paragraph of section 703, which reads as follows: “Written notice of redemption must be given to the sheriff and a duplicate filed with the recorder of the county, and if any taxes or assessments are paid by the redemptioner, or if any sum for fire insurance, maintenance, upkeep, or repair of any improvement upon the property, is paid by the redemptioner, or if he has or acquires any lien or other than that upon which the redemption was made, notice thereof must in like manner be given to the sheriff and filed with the recorder; and if such notice be not filed, the property may be redeemed without paying such tax, assessment, sum, or lien.”
 

 Just what is meant by the words, “Written notice of redemption” as used in the foregoing provision is not entirely clear. It would not appear to refer to the “notice” mentioned in section 705, which is a notice by one entitled to redeem, manifesting his purpose and notifying the sheriff making the sale of his desire to exercise his right of redemption, which must be accompanied (if he be a judgment creditor) with a certified copy of the judgment “under which he claims the right to redeem,” and an affidavit “showing the amount then actually due on the lien.” The “written notice of redemp
 
 *Supp. 851
 
 tion” mentioned in section 703, on the other hand, would appear to have reference to a notice to be given subsequent to the time that redemption is effected, for it speaks of “taxes or assessments paid by the redemptioner” and of sums paid by him (the redemptioner) “for fire insurance, maintenance and upkeep, or repair of any improvement upon the property” as well as any “lien other than that upon which the redemption was made” which “he has or
 
 acquires,”
 
 and is apparently designed to give notice to the sheriff and others entitled to redeem of any sum expended by the redemptioner for the purposes stated and any lien held by him other than that upon which the redemption was made, in order that the sheriff, as well as others entitled to redeem from the redemptioner, may be informed of the amount which will be required to be paid to effect a redemption, in addition to any amount which was required to be paid by him to effect a redemption from the purchaser at execution sale or from a previous redemptioner having a superior lien to his own. That this is the proper construction to be accorded to the provision is fortified by the final clause: “if such notice be not filed, the property may be redeemed without paying such tax, assessment, sum or lien (‘other than that upon which the redemption was made’).” This latter clause is also to be read in the light of the first paragraph of the section (703), which specifies the amount required to be paid by a subsequent redemptioner which, in addition to the sum paid by the last redemptioner, with 2 per cent interest thereon, includes “the amount of any assessments or taxes . . . fire insurance, maintenance, upkeep or repair of any improvements . . . which the last redemptioner may have paid thereon
 
 after the redemption Toy him.”
 
 When so read, it is reasonably made to appear that the notice required by the fourth paragraph to be given to the sheriff and a duplicate filed with the recorder has reference to such items as are therein enumerated (assessments, taxes, etc.) as were paid by the redemptioner
 
 “after the redemption Toy him,,”
 
 and which he is entitled to claim from any subsequent redemptioner, and of which neither the sheriff nor a subsequent redemptioner would otherwise have knowledge or notice. This seemingly was the construction placed upon this provision by the parties and not questioned by the court in
 
 Lawler
 
 v.
 
 Gleason
 
 (1955), 130 Cal.App.2d 390, 393 [279 P.2d 70], As plaintiff did not claim to have made payment for any such items, there was no reason why , such notice should be filed by him and we conclude that plaintiff
 
 *Supp. 852
 
 made a valid redemption from the purchasers at execution sale.
 

 In the foregoing discussion, we have assumed that no notice of redemption was given to the sheriff other than that previously mentioned in accordance with section 705, and that a copy of said notice was not filed with the recorder, as there is no affirmative proof to this effect. In making this assumption, we do not, however, undertake to decide that plaintiff, in order to establish prima facie that he had redeemed the property from the purchaser at execution sale, was required to do more than he did, namely, producing and causing to be introduced in evidence the sheriff’s certificate of sale and the certificate of redemption issued to him by the sheriff. (See
 
 White
 
 v.
 
 Costigan
 
 (1901), 134 Cal. 33, 38 [66 P. 78];
 
 Foorman
 
 v.
 
 Wallace
 
 (1888), 75 Cal. 552, 556 [17 P. 680].) We have, however, given consideration to defendants’ contention in this regard, as it will necessarily arise upon a retrial.
 

 Defendants further contend, however, that, conceding that plaintiff effectively redeemed from the purchasers at execution sale, they, in turn, effectively redeemed from plaintiff when they paid to the sheriff the amount paid by plaintiff to effect such redemption, together with interest thereon at the rate of 2 per cent. Specifically the claim is that they were not required to pay to plaintiff an additional amount representing the latter’s judgment lien. The contention is without merit. In order that a judgment debtor may redeem from a prior redemptioner, he must not only pay to the latter the amount paid by him to redeem, together with interest thereon, but also the amount of any lien held by such prior redemptioner. Not only is this clear from a reading of section 703, but it is directly so held in
 
 Lawler
 
 v.
 
 Gleason
 
 (1955),
 
 supra,
 
 130 Cal.App.2d 390, 397 et seq.
 

 Defendants next contend that plaintiff’s title to the property was not perfected, and hence he could not maintain the action, because no sheriff’s deed was issued to him. As already noted, however, a certificate of sale was issued by the sheriff to the purchasers at execution sale, and a certificate of redemption was likewise issued by the officer to the plaintiff, both of which were duly recorded. While no deed had been issued to plaintiff prior to the institution of this action, it is admitted that at that time the period of redemption had expired. While there is language to be found in the earlier cases to the effect that title to real property sold at execution sale does not pass until the execution and delivery
 
 *Supp. 853
 
 of the sheriff’s deed
 
 (Anthony
 
 v.
 
 Wessel
 
 (1858), 9 Cal. 103, 104;
 
 Cummings
 
 v.
 
 Coe
 
 (1858), 10 Cal. 529, 530;
 
 People
 
 v.
 
 Mayhew
 
 (1864), 26 Cal. 655, 665), it is now well settled that legal title is acquired at the sale and not by virtue of the sheriff’s deed, which only serves as evidence that there has been no redemption.
 
 (Allen
 
 v.
 
 McGee
 
 (1942), 54 Cal.App.2d 476, 483-484 [129 P.2d 143].) Plaintiff was, therefore, entitled to maintain the action.
 

 Finally, defendants contend that the judgment in the action wherein the writ of execution was issued pursuant to which the property was sold is void. This contention is predicated upon the following facts: The original summons therein was issued January 6, 1954, and was returned January 19, 1954, with proof of service upon the defendant Mr. Salsbery. On the latter date an alias summons was issued, and another alias summons was issued on February 10, 1954. Both alias summonses were returned on February 26, 1954, the one first issued without proof of service and the second with proof of service upon defendant, Mrs. Salsbery. The argument is that the clerk is without authority to issue an alias summons while another alias summons is outstanding without a showing that the first alias summons has been lost. This constitutes an attempt to collaterally attack the judgment in question
 
 (Milstein
 
 v.
 
 Turner
 
 (1948), 89 Cal.App.2d 296, 298 [200 P.2d 799]), in which situation we are confined to an inspection of the record which is conclusively presumed to be correct.
 
 (City of Los Angeles
 
 v.
 
 Glassell
 
 (1928), 203 Cal. 44, 49 [262 P. 1084].) Thus evidence outside the record is not admissible upon collateral attack to show that summons was not served on the defendant.
 
 (Feig
 
 v.
 
 Bank of Italy
 
 (1933), 218 Cal. 54, 56-57 [21 P.2d 421].) Here the judgment recites that defendants were “personally served with summons and copy of complaint.” Moreover, there is no evidence to the effect that the first alias summons had not in fact been lost when the second was issued. The fact that it was returned at a later date is not, necessarily, inconsistent with the fact that it may have been lost at an earlier date when the second alias was issued. Aside from this, however, there is nothing in section 408, Code of Civil Procedure, which prohibits the issuance of an alias summons while a previously issued alias is outstanding. It merely provides that an alias summons may be issued if the original summons is returned without being served on any or all of the defendants or it has been lost. It further expressly provides, without further
 
 *Supp. 854
 
 qualification or condition, that “As many alias summonses as are necessary may be issued within such time” (as the original summons “might have been served if it had not been lost or returned”). Thus it appears clear that after the return of the original summons the issuance of a second alias summons prior to the return or proof of loss of a previously issued alias summons is neither prohibited nor does the fact that it was so issued affect the jurisdiction of the court.
 

 The judgment is reversed.
 

 Swain, Acting P. J., and Kauffman, J., concurred.
 

 A petition for a rehearing was denied June 8, 1956 (Swain, Acting P. J., Patrosso, J., and Kauffman, J.), and the following opinion was then rendered:
 

 THE COURT.
 

 The petition of respondents for a rehearing after judgment of this court on appeal in the above entitled case having been filed and having been duly considered, said petition is hereby denied.
 

 There is neither pleading nor proof of a pending action to quiet title to the real property in question. One was mentioned in argument hut that is not evidence.
 

 If plaintiff seeks damages in excess of the jurisdiction of the municipal court, the remedy is to transfer the action to the superior court (Code Civ. Proc., § 396), not a judgment of nonsuit.