417 P.2d 882

**Lavelle J. W. REGER, Plaintiff-Appellant,**

**v.**

**Wilbert GRIMSON, Jr., Defendant-Appellee.**

**No. 8050.**

Supreme Court of New Mexico.

Sept. 6, 1966.

Rueckhaus & Brown, Albuquerque, for appellant.

Shaffer & Butt, Clarence R. Bass, Albuquerque, for appellee.

## OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

■ In this case the district court of Bernalillo County, New Mexico, entered summary judgment for the defendant, hereinafter referred to as Grimson, and the plaintiff, hereinafter referred to as Reger, has appealed therefrom. The trial court's reason for granting the summary judgment, as stated in the order, was that:

"* * * it represents a claim which has been barred and foreclosed by a prior action arising out of the same transaction * * *"

The parties were involved in an automobile collision in Albuquerque, New Mexico, on July 15, 1963. Grimson filed suit against Reger in the small claims court of Bernalillo County to recover damages in the sum of $218.49, which he allegedly sustained as a result of Reger's negligence. Reger answered the complaint, but filed no counter-claim. The case was tried, the issues found in favor of Reger, and judgment was entered on June 2, 1964 dismissing Grimson's complaint with prejudice.

On August 6, 1965 Reger filed his complaint in the district court, which was summarily dismissed as above stated. By his complaint he sought damages in the amount of $30,000 for injuries he allegedly sustained in the accident of July 15, 1963.

Although Reger sets forth two separate points relied on for reversal, both concern themselves with a single question, i. e., whether or not the failure of Reger, to assert his claim for personal injuries in the small claims court, is a bar to such a claim in a separate and subsequent action in the district court.

By § 16–5–1, N.M.S.A.1953, the jurisdiction of the small claims court is limited in civil cases to matters in controversy not exceeding in value the sum of $2,000, exclusive of interest.

By § 16–5–10, N.M.S.A.1953, it is expressly provided that the Rules of Civil Procedure for the District Courts of New Mexico shall govern in all cases and trials in the small claims courts. It is undisputed that the present claim of Reger arises out of the same occurrence as the claim previously asserted by Grimson in the small claims court.

It is also undisputed that Reger should have asserted his claim as a compulsory counter-claim in the small claims court, unless the jurisdictional limitation on the amount which may be involved in a case

in that court operates to make inapplicable to counter-claims in that court the compulsory counter-claim provisions of § 21–1–1 (13) (a), N.M.S.A.1953, which is District Court Rule 13(a) and which is identical with Rule 13(a) of the Federal Rules of Civil Procedure.

Reger's contention is that the Rules of Civil Procedure for district courts are applicable only to small claims court cases involving an amount within the court's jurisdictional limitation. He cites no authority for his position.

Grimson's position is that had the legislature intended to limit the application of Rule 13(a) to only those cases in the small claims court in which the counter-claim did not exceed $2,000, exclusive of interest, it would have so stated. He contends this was a mandatory counter-claim which should have been asserted in the small claims court action, and since Reger failed to so do, he cannot now assert it in this subsequent action. See Terry v. Pipkin, 66 N.M. 4, 340 P.2d 840.

Grimson particularly relies on language of the Supreme Court of Florida in the case of Metropolitan Cas. Ins. Co. v. Walker, 151 Fla. 314, 9 So.2d 361. However, the Florida statute, insofar as mandatory counter-claims were concerned, expressly required the county court to transfer the cause to the circuit court when the counter-demand exceeded the jurisdictional amount of the county court. A like result under a like statute compelling a transfer to another court was reached in Ritter v. Salsbery, 142 Cal.App.2d Supp. 847, 298 P.2d 166. However, we have no statute providing for the transfer of a cause from the small claims court to the district court when a compulsory counter-claim exceeds the jurisdictional amount of the small claims court. This is a matter to which we believe the legislature should direct its attention. See, e. g., Fla.Stat., § 52.12, F.S.A. (1965); Cal.Civ.Proc., § 396; Ohio Rev.Code Ann., § 1901.22(E) (Baldwin 1964).

Absent legislation compelling, or at least authorizing, a transfer of the case to the district court, we are of the opinion that a defendant in a small claims court case need not plead his counterclaim, which is in an amount in excess of the jurisdiction of the small claims court. If we were to hold otherwise, the small claims court would, of necessity, be compelled to dismiss all cases in which a compulsory counter-claim is asserted, if the amount of such claim exceeds $2,000, exclusive of interest. See Englehart v. Volunteer State Life Ins. Co., 195 S.W.2d 798 (Tex.Civ. App.1946); Kennedy v. Consolidated Motor Lines, Inc., 312 Mass. 84, 43 N.E.2d 121; Darling Auto. Co. v. Hall, 135 Me. 382, 197 A. 558. Any judgment entered

for an amount in excess of the jurisdictional limit of the court would be void and subject to collateral attack. See Bonds v. Joplin's Heirs, 64 N.M. 342, 328 P.2d 597.

The rule is stated in 2 Freeman, Judgments, § 797 at 1688 (5th Ed.1925) as follows:

"An otherwise available counterclaim or other cross-demand which exceeds or is not within the jurisdiction of the court cannot be pleaded, at least so as to obtain the full relief to which the defendant would be entitled. The failure to present it should therefore not prevent its assertion in a subsequent action, even where otherwise it should have been urged as a cross-demand in the previous action. * * *"

See also the annotation, 83 A.L.R.2d 977, § 6 at 982, and cases cited therein.

By nothing we have stated herein do we mean to suggest that our holding is to be construed as embracing a situation other than as presented by the facts of this case.

It follows from what has been said that the summary judgment must be reversed and the trial court directed to reinstate the case upon its docket.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.