497 P.2d 977

Gavino SANCHEZ, Plaintiff-Appellant,

v.

KERR McGEE COMPANY, Inc., Defendant-Appellee.

No. 851.

Court of Appeals of New Mexico.

May 5, 1972.

James R. Toulouse, Toulouse & Moore, Alburquerque, for appellant.

H. S. Glascock, Denny, Glascock & McKim, Gallup, for appellee.

## OPINION

SUTIN, Judge.

Sanchez, the claimant, while employed by Kerr McGee, was injured in an industrial accident on December 31, 1967. He filed his complaint on September 20, 1971, purportedly under § 59–10–13.5(B), N.M.S.A. 1953 (Repl.Vol. 9, pt. 1, Supp.1971). In his claim for relief, Sanchez requested the district court to hold a hearing and to order Kerr McGee to make a lump sum settlement with him. His complaint alleged that "defendant has paid plaintiff compensation to date." The trial court granted Kerr McGee's motion to dismiss for failure to state a claim, and Sanchez appeals.

We affirm.

Sanchez contends the trial court has both power and authority, (1) to order a lump sum settlement without the consent of Kerr McGee; (2) to order a lump sum settlement despite the fact that Kerr McGee made the bi-monthly payments.

Section 59–10–13.5, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1971) reads as follows:

A. Compensation shall be paid by the employer to the workman in installments. The first installment shall be paid not later than thirty-one [31] days after the date of the occurrence of the disability. Remaining installments shall be paid twice a month at intervals not more than sixteen [16] days apart, in sums as nearly equal as possible.

B. Whenever the court determines in cases of total permanent disability or death that it is for the best interests of the parties entitled to compensation, and after due notice to all parties in interest of a hearing, the liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at five per cent [5%] discount, compounded annually.

We need not decide the issues raised here on appeal. Section 59–10–13.5(B), supra, has as a prerequisite a determination of "total permanent disability." The claim filed in the trial court was not a case of "total permanent disability." It only sought a lump sum settlement. It was, therefore, subject to dismissal under Rule 12(b) (6) [§ 21–1–1(12) (b) (6), N.M.S.A.1953 (Repl. Vol. 4)]. The question was not preserved for review. Section 21–2–1(20) (2), N.M. S.A.1953 (Repl.Vol. 4).

Affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.