521 P.2d 1154

Pablo CHAVEZ and Manuela Chavez, his wife, Plaintiffs-Appellees,

v.

COUNTY OF VALENCIA et al., Defendants-Appellants.

No. 9804.

Supreme Court of New Mexico.

April 26, 1974.

Mayo T. Boucher, Robert J. Laughlin, Belen, Martin Pearl, Los Lunas, for defendants-appellants.

Edward J. Apodaca, Albuquerque, for plaintiffs-appellees.

## OPINION

OMAN, Justice.

This is an appeal from an order denying a motion to set aside a judgment pursuant to the provisions of Rule 60(b)(4) of our Rules of Civil Procedure for the District Courts [§ 21–1–1(60)(b)(4), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. We reverse.

In 1967 plaintiffs petitioned the County Commission of Valencia County to vacate, pursuant to the provisions of § 55–4–4, N. M.S.A.1953 (Repl.Vol. 8, pt. 2, 1962), two county roads which were established and maintained as highways. Thereafter, in October 1967, they appeared before the Commission in support of their petition. Upon the advice of the district attorney,

the Commission told plaintiffs that the matter of vacating the roads was a matter to be determined by the district court.

On September 25, 1969, plaintiffs filed suit in the district court, whereby they sought to quiet title in themselves to certain lands, including the two roads. The County and the Cordovas, appellants here, were among a large number of defendants named in this quiet title suit. A "Decree and Judgment" was entered by the district court on July 10, 1972, by which title to the said lands, including the two roads, was quieted in plaintiffs. However, quieting of the title to the roads in plaintiffs was conditioned upon the establishment by them of a 40 ft. right-of-way easement in the public across another portion of plaintiffs' lands and "straightening out the road along the southern boundary of real property" as described in the "Decree and Judgment."

The following is one of the recited findings of fact pertinent to and upon which the district court apparently relied for quieting title to the roadways in plaintiffs and requiring that they establish a 40 ft. public right-of-way easement:

"That a portion of an individual tract herein subject of Quiet Title was at one time by predecessors of Plaintiffs in title dedicated to Defendant COUNTY OF VALENCIA, providing full use and need thereof as right-of-way; that same was utilized and rendered; that said need no longer exists, and by pertinent statutes herein applicable, said easement has been extinguished, and any right of said Defendant herein is without any foundation or right, either in law or equity." [Nothing contained in the "Decree and Judgment," or in plaintiffs' complaint from which this finding was taken verbatim by adoption, indicates, or even suggests, what statute or statutes the court had in mind. However, in the subsequently filed decision to which reference is hereinafter made, reference was made in one of the court's findings

of fact and also in one of its conclusions of law to § 55–4–4, supra].

On October 18, 1972, an order was entered pursuant to a motion:

"* * * [T]hat the Judgment [Decree and Judgment referred to above] heretofore entered herein is hereby vacated for a period of THIRTY (30) days for the specific purpose of allowing Defendants to file their requested Findings of Fact and Conclusions of Law and that thereafter said Judgment shall be entered with its appropriate full force and effect, * * *."

On November 3, 1972, the County and the Cordovas filed their requested findings of fact and conclusions of law. It does not appear from the record before us whether these findings and conclusions were ever considered by the district court. It is apparent that the court failed to comply with Rule 52(B)(a)(5) of the Rules of Civil Procedure for the District Courts [§ 21–1–(52)(B)(a)(5), N.M.S.A.1953 (Repl. Vol. 4, 1970)].

On January 2, 1973, the district court's decision, consisting of findings of fact and conclusions of law, was filed with the clerk of the court. This decision constituted a verbatim copy of a paper filed March 15, 1972 denominated "Plaintiffs' Requested Findings of Fact and Conclusions of Law." However, this paper was not signed and does not purport to have been served on opposing counsel.

At the request of plaintiffs' attorney, the district court's decision was shown to have been filed on July 10, 1972. On January 18, 1973, the district court filed a purported "Order Nunc Pro Tunc" by which it was ordered "that the Court's Findings of Fact and Conclusions of Law herein be entered herein 10 July 1972 nunc pro tunc." As to the office of a nunc pro tunc entry of record, see Mora v. Martinez, 80 N.M. 88, 451 P.2d 992 (1969).

The sole issue raised on this appeal is whether the judgment of the district court was void insofar as it purported to quiet ti-

tle to the roads in plaintiffs. Section 55–4–4, supra, provides in pertinent part:

"Whenever, in the opinion of the board of county commissioners of any county, any road or part of road then established and maintained as a public highway, is not needed, * * * they may at a regular meeting appoint a board of commissioners of three [3] freeholders of the county as viewers, to view such road or part of road, and make report thereof to the board of county commissioners at their next regular meeting, setting forth fully their finding, and if they recommend a discontinuance of such road or part of road, then the board of county commissioners may order the same vacated. * * *"

Sections 55–1–6 and 55–1–7, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, 1962) provide:

"*55–1–6. Abandonment; vacation and reverter of public roads, streets and highways.*—Property or property rights acquired by purchase or condemnation by the state or any commission, department, bureau, agency or political subdivision of the state for public road, street or highway purposes shall not revert until such property or property rights are vacated or abandoned by formal written declaration of vacation or abandonment which has been fully declared by the state or any commission, department, institution, bureau, agency or political subdivision of the state in whom the property or property right has vested."

"*55–1–7. Petition for determination of abandonment or vacation.*—Any owner of lands abutting any highway, street or road, his heirs or assigns, who believes a section of any public road, street or highway is no longer needed for public purposes, may petition the state or any commission, department, bureau, agency or political subdivision thereof for a formal determination of abandonment or vacation." [We note and have deleted obvious repetition of some of the language of this section].

These statutes all relate to the same matter, to wit, the vacation or abandonment of public highways, streets or roads by formal declaration, determination or order of the state or the appropriate commission, department, institution, bureau or political subdivision thereof. Being in pari materia these statutes, should be construed, if reasonably possible, so as to give effect to every provision of each. State v. New Mexico Authority, 76 N.M. 1, 18, 411 P.2d 984, 996 (1966). A consideration of these statutes together clearly evinces an intent on the part of our Legislature to provide a formal procedure for the abandonment or vacation of public roads, streets and highways, and the district courts are not vested with this power. Plaintiffs' argument to the contrary is clearly unsupported by the language of the statutes. The record shows that the County Commission, representing the County of Valencia, was the proper body to vacate or abandon the roads in question, and this Commission has not declared, determined or ordered a vacation or abandonment thereof.

Plaintiffs argue that the Cordovas lacked standing to challenge the district court's action in quieting title to the roads in plaintiffs and against the interests of the County. The Cordovas were made parties defendant to the suit by plaintiffs, and were referred to as defendants in the same paragraph of the complaint in which the County was referred to as a defendant. It is true the nature of their alleged claim of interest in the lands to which plaintiffs sought to quiet title does not appear in the complaint. The motion to set aside the judgment under Rule 60(b)(4), supra, does not specifically state what the interest of Cordovas was in the lands to which the district court undertook to quiet the title in plaintiffs, but clearly they joined in the motion for the purpose of setting aside the judgment insofar as it purported to quiet title to the roads in plaintiffs. In their "Reply to Motion to Set Aside Judgment," plaintiffs made no claim that the Cordovas lacked standing to join in the motion.

Even if we were to concede that the Cordovas did lack standing, clearly the County of Valencia had standing and was a party aggrieved by the "Decree and Judgment," and by the order denying the motion to vacate that judgment. No claim is made that the County lacked standing. Thus, the question of standing by the Cordovas is of no particular consequence.

Plaintiffs contend the County waived its right to challenge the jurisdiction of the district court to quiet title to the roads in them. They rely upon the fact that the County entered an appearance in the quiet title suit and participated in the proceedings therein conducted by the district court. It would appear that these actions on the part of the County gave the district court personal jurisdiction over the County. However, this did not confer jurisdiction or power in the district court over the subject matter of the suit, insofar as the subject matter of the suit was concerned with the quieting of title in the roads. Subject matter jurisdiction cannot be conferred by consent of the parties. Zarges v. Zarges, 79 N.M. 494, 445 P.2d 97 (1968); Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965). See also Wright and Miller, Federal Practice and Procedure: Civil, §§ 1393 and 2862 (1969).

An attack on subject matter jurisdiction may be made at any time in the proceedings. Board of County Com'rs of Dona Ana County v. Sykes, 74 N.M. 435, 394 P. 2d 278 (1964); Rule 12(h)(3), Rules of Civil Procedure for the District Courts [§ 21-1-1(12)(h)(3), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. It may be made for the first time upon appeal. Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968); Maes v. Old Lincoln County Memorial Commission, 64 N.M. 475, 330 P.2d 556 (1958); Rule 20(1), Rules of New Mexico Supreme Court [§ 21-2-1(20)(1), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. Or it may be made by a collateral attack in the same or other proceedings long after the judgment has been entered. Heckathorn v. Hecka-

thorn, 77 N.M. 369, 423 P.2d 410 (1967); Reger v. Grimson, 76 N.M. 688, 417 P.2d 882 (1966); State v. Romero, 76 N.M. 449, 415 P.2d 837 (1966); Rule 60(b)(4), supra.

The granting of relief under other portions of Rule 60(b), supra, has been held to be discretionary. State Collection Bureau v. Roybal, 64 N.M. 275, 327 P.2d 337 (1958); Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913 (1954). It has also been held that this discretion may be invoked only upon the showing of "exceptional circumstances." Battersby v. Bell Aircraft Corporation, 65 N.M. 114, 332 P. 2d 1028 (1958). However, there is no discretion on the part of the trial court under Rule 60(b)(4), supra. Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337 (1962); Hicklin v. Edwards, 226 F.2d 410 (8th Cir. 1955). In Wright and Miller, supra, § 2862, it is stated:

"Rule 60(b)(4) authorizes relief from void judgments. Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). * * * Either a judgment is void or it is valid. * * *"

Plaintiffs also urge that the County's failure to decide the roadway vacation issue when presented to the County Commissioners by plaintiffs in 1967, as shown above, in some way operates as an estoppel of the County to raise the jurisdictional issue under Rule 60(b)(4), supra. We have held the doctrine of estoppel applicable to a sovereign in the exercise of governmental functions if right and justice so demands. Silver City Consol. Sch. Dist. No. 1 v. Board of Regents, 75 N.M. 106, 401 P.2d 95 (1965). However, we are unable to understand how the failure of the County Commission to make a decision in 1967, when the question of vacation of the roadway was presented to it, conferred upon the district court the power and authority to quiet title to the roads in plaintiffs, or

in any way estopped the County from asserting lack of jurisdiction in the court.

■ Plaintiffs' final argument is that the district court, upon disputed facts, found that the dedication of the roads to public use had not been proved. It is true the district court made the following purported finding of fact:

"That there were conflicting issues of fact as to the vacation of said roadways, as to the use thereof and as to the necessity for the continuance thereof and as to the valid dedication of said roadways, and the Court resolves the issues of fact therein in favor of Plaintiffs herein."

However, we fail to understand how this most unusual and questionable finding of fact can be held to prevail over the express admission by plaintiffs in their complaint of the dedication to and the use by the public of these roads and the verbatim adoption of this admission by the court as a finding of fact as quoted above. In addition, there are other findings made by the district court as to the abandonment and vacation by the public of these roads, the acquisition of title thereto by plaintiffs by adverse possession, and the existence of the "right of way easements * * * established," all of which clearly point to the fact that the district court considered the roads in question to have been dedicated roads. We concede our inability to fully understand or to fully reconcile all of the inconsistencies in the findings, but there is no question in our minds about the fact that plaintiffs alleged and thereby admitted, and the district court found, that the roads in question were dedicated to the public use.

The order of the trial court denying the motion to vacate the "Decree and Judgment" pursuant to Rule 60(b)(4), supra, is hereby overruled and the cause remanded to the district court for whatever further action, if any, is required to comply with the views herein expressed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.