544 P.2d 283

**George BRISCOE, Plaintiff-Appellant,**

v.

**HYDRO CONDUIT CORPORATION and Montgomery Ward and Company, Defendants-Appellees.**

**No. 2072.**

Court of Appeals of New Mexico.

Dec. 16, 1975.

---

James A. Mungle, Smith, Ransom & Gilstrap Law Offices, Albuquerque, for plaintiff-appellant.

Vance Mauney, P. A., Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiff filed an action pursuant to the Workmen's Compensation Act (Sections 59–10–1 through 59–10–37, N.M.S.A.1953 (2d Repl. Vol. 9, 1974, pt. 1)) alleging total disability and seeking a lump sum award pursuant to § 59–10–18.2, supra.

Plaintiff's affidavit admitted the $75.00 weekly payment and the following sworn statements were set forth:

"That defendants have failed to make payment of a bill in the amount of $50.-00 for diagnostic studies made of the plaintiff at the direction of Dr. Chester, one of the physicians to whom plaintiff has been referred by defendants.

"That plaintiff has not been employed or able to do any type of work since on or about July 1, 1974 except attempting to perform work as a bartender for a few hours under a rehabilitation program and that he has performed no other work because of said disability, except in attempting to sell Indian jewelry on a limited part time basis for himself.

"That plaintiff is married but that his wife is not and has not been employed and is dependent upon him for support, in addition to his four children: Gerald, born February 8, 1959; George, Jr., born August 24, 1960; Georgianna, born December 16, 1961; and Mike, born November 22, 1964, who reside with him in a mobile home. That he has lost his mobile home and car because of inability to make payment of installments due, and is temporarily housed in a mobile home owned by a friend."

The trial court, after hearing ordered: ". . . that the Complaint herein should be, and is hereby dismissed, on the ground that said Complaint is prematurely filed." The majority disagree but for different reasons. My reasoning is as follows.

Section 59–10–36, supra, states in part:

". . . No claim shall be filed by any workman who is receiving *maximum compensation* benefits; . . ." [Emphasis added].

*Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975) held:

"When we consider the long recognized principle that the workman's compensation act is to be liberally construed in favor of the employee (*Kosmicki v. Aspen Drilling Company,* 76 N.M. 234, 414 P.2d 214 (1966)), together with the implicit recognition in Rayburn [*Rayburn v. Boys Super Market, Inc.,* 74 N.M. 712, 397 P.2d 953] and Nasci [*Nasci v. Frank Paxton Lumber Co.,* 69 N.M. 412, 367 P.2d 913] that medical expenses

are 'compensation', we conclude that medical expenses are compensation for the purpose of allowing attorney fees under § 59–10–23(D). . . ."

In light of *Schiller* and the liberal construction philosophy stated therein plaintiff's claim was not premature. The $50.00 medical bill had not been paid. Medical payments have been ruled to be compensation for the purpose of allowing attorney fees under § 59–10–23(D), supra. If medical bills are compensation for one purpose they should be compensation for all purposes. I fail to find within the Workmen's Compensation Act statutory language which would lead one to believe there are differing kinds of compensation.

Having decided the issue as I have I need not reach the questions decided by Judge Sutin, in the affirmative, of whether a party in interest (plaintiff), who is being paid maximum compensation benefits, is entitled pursuant to § 59–10–13.5(B), supra, to a determination of total permanent disability, and if so, then to a determination of a lump sum award.

Reversed.

It is so ordered.

SUTIN, J., specially concurs.

HERNANDEZ, J., dissents.

SUTIN, Judge (specially concurring).

I specially concur.

The question for decision is whether the complaint for a lump-sum award was prematurely filed.

In 1969, the legislature amended § 59–10–13 of the Workmen's Compensation Act. It added a subsection B. It read:

*Whenever* the court determines in cases of total permanent disability or death that it is for the best interests of the parties entitled to compensation, and after due notice to all parties in interest of a hearing, the liability of the employer for compensation may be discharged by the payment of a lump sum . . . .. [Emphasis added.]

In 1973, this subsection was amended. The word "Whenever" was deleted. The following italicized words were substituted:

*If, upon petition of the party in interest,* the court determines in cases of total permanent disability . . . that it is for the best interests of the parties entitled to compensation, . . . the liability of the employer for compensation may be discharged by the payment of a lump sum . . . ..

What is meant by the phrase "in cases of total permanent disability"? Defendants rely on *Sanchez v. Kerr McGee Company, Inc.,* 83 N.M. 766, 497 P.2d 977 (Ct. App.1972). Here we held:

Section 59–10–13.5(B), supra, has as a prerequisite a determination of "total permanent disability." *The claim filed in the trial court was not a case of "total permanent disability."* [Emphasis added.] [83 N.M. at 767, 497 P.2d at 978].

We did not determine the meaning of the phrase. We refused to do so because the claim filed did not give rise to the application of § 59–10–13.5(B).

Now, we are confronted with a case "of total permanent disability". The legislative intent is clear. It gave to plaintiff the right to file a petition, a separate claim, a separate proceeding, under the Workmen's Compensation Act. Why? For what purpose? To determine two questions: (1) Is this a case of "total permanent disability"? If it is not, the Court need proceed no further. If it is, (2) Is it "for the best interests of the parties entitled to compensation" to grant a lump sum award?

The purpose of § 59–10–13.5 is clear. It gives to a workman an early opportunity to solve an economic problem. If successful, he may not be forced to accept maximum installment payments for 550 weeks under § 59–10–18.2.

If we do not adopt this meaning, § 59–10–13.5(B) has no purpose.

Under this section, a petition is not prematurely filed when a workman contends that he is totally and permanently disabled.

Plaintiff's complaint and affidavit established that plaintiff was totally and permanently disabled at the time the petition was filed. The defendants did not answer. The defendants admitted, by affidavit, they were paying plaintiff the maximum amount of compensation benefits provided by law. This is an admission of total disability. They did not deny that plaintiff was permanently disabled. The claim filed was a case of "total permanent disability".

Section 59–10–25(B) provides:

The district court in which the right to compensation is enforceable at all times has the right and power to authorize, direct or approve *any settlement or compromise of any claim for compensation* . . . for the amount and payable in . . . *lump sum* or in any other way and manner as the court may approve. [Emphasis added.]

No settlement or compromise is present. Section 59–10–25(B) is not applicable.

The only other problem to resolve is the relationship between § 59–10–13.5 and § 59–10–36. The latter section reads:

No *claim* shall be filed by any workman who is receiving maximum compensation benefits; . . . . [Emphasis added.]

This section "bars a suit to establish liability for compensation." *Arther v. Western Company of North America*, 88 N.M. 157, 538 P.2d 799, 780 (Ct.App.1975). Section 59–10–36 is not applicable because liability was admitted by payment of workmen's compensation benefits.

Defendants also rely on *Arther*, supra. This case is contra to defendant's contentions. Here, a death occurred. The admission in the answer established liability for death. The Court said:

This admission of liability sufficiently established plaintiff's right to compensation and authorized a lump-sum award

under *§ 59–10–25 (B), supra.* [Emphasis added.] [538 P.2d at 801].

I would agree with this conclusion if § 59–10–13.5(B) were substituted for § 59–10–25(B).

In *Arther*, the Court concluded that the findings of the trial court of directing a lump-sum award were not in the best interests of plaintiff, the dependent widow.

Plaintiff's petition is not a claim for compensation. *Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975) is not in point. This case holds that medical expenses are "compensation" for purposes of allowing attorney fees where the claimant recovers medical and hospital expenses. In the instant case, plaintiff does not seek such recovery. He would have no claim for such recovery.

This case should be reversed. The plaintiff is entitled to a hearing (1) for a determination of "total permanent disability", and if so found, then (2) a determination of a lump-sum award according to the best interests of the plaintiff.

HERNANDEZ, Judge (dissenting).

I respectfully dissent.

Appellant based his petition for a lump sum payment of benefits upon §§ 59–10–13.5(B) and 59–10–25(B) of the New Mexico Workmen's Compensation Act, N. M.S.A.1953 (2d Repl. Vol. 9, 1974, pt. 1).

The appellant has received maximum compensation benefits allowable under the Workmen's Compensation Act which the employer has paid without default. Therefore appellant's petition was prematurely filed under the provisions of § 59–10–36, N.M.S.A.1953 (2d Repl. Vol. 9, 1974, pt. 1) which states, in part:

". . . No claim shall be filed by any workman who is receiving *maximum compensation* benefits; . . ." [Emphasis added.]

The majority rely upon the holding in *Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975). The issue

presented in that case was whether, under the New Mexico Workmen's Compensation Act, §§ 59–10–1 through 59–10–37, supra, the trial court could award attorney fees to the claimant when only medical and hospital expenses are recovered by the plaintiff. The Supreme Court concluded "that medical expenses are compensation for the purpose of allowing attorney fees under § 59–10–23(D)." *Schiller*, supra, at 478, 535 P. 2d at 1329. [But cf. *Wuenschel v. New Mexico Broadcasting Corp.*, 84 N.M. 109, 500 P.2d 194 (Ct.App.1972) and *Lasater v. Home Oil Company*, 83 N.M. 567, 494 P.2d 980 (Ct.App.1972)].

Another distinction in *Schiller*, is that the plaintiff sued for and recovered medical and hospital expenses incurred by him. In the instant case, the unpaid medical bill was incurred at the direction of the defendant. It remains the defendant's obligation. I do not see that *Schiller* is applicable here.