588 P.2d 560

**John W. HORT, Plaintiff-Appellant,**

**v.**

**GENERAL ELECTRIC COMPANY and Electric Mutual Liability Insurance Company, Defendants-Appellees.**

No. 3617.

Court of Appeals of New Mexico.

Dec. 5, 1978.

Writ of Certiorari Denied Jan. 4, 1979.

John P. Faure, Alfred M. Carvajal, P. A., Albuquerque, for plaintiff-appellant.

Joseph J. Mullins, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

On November 22, 1976, following a trial on the merits, plaintiff was awarded judgment against defendants in the sum of $3,000.00 for unpaid workmen's compensation, and 40% disability payments bi-weekly for 376 weeks from and after November 22, 1976. This award was subject to modification in accordance with law.

Following this first award, the parties negotiated and agreed to a lump sum settlement. Thereafter, on February 3, 1977 defendants filed a motion to enforce this oral agreement. On March 1, 1977, a second judgment was entered which approved the lump sum agreement and ordered payment of $7,500.00 in full settlement of all plaintiff's claims. This second judgment superceded the first judgment which arose from the trial. Plaintiff appealed the second judgment but was late in filing the appeal. This Court dismissed the appeal and remanded the cause to the district court.

On February 10, 1978, pursuant to Rule 60(b)(4) of the Rules of Civil Procedure [§ 21–1–1(60)(b), N.M.S.A. 1953 (Repl. Vol. 4)], plaintiff filed a petition to vacate the second judgment. Plaintiff sought to declare the second judgment void because it was in contravention of § 59–10–13.5, N.M. S.A. 1953 (2d Repl. Vol. 9, pt. 1) and therefore beyond the district court's subject matter jurisdiction. Rule 60(b)(4) affords relief to a party if "the judgment is void." Concurrently, plaintiff petitioned to vacate the judgment through an independent action in equity, claiming both lack of subject matter jurisdiction and manifest inequity.

The petition of plaintiff was denied and plaintiff appeals a second time. We affirm.

 The second judgment was a nonmodifiable final judgment which could have been set aside or vacated in one of two ways: (1) It may be done for the first time on appeal, "OR," (2) if the issue were a lack of subject matter jurisdiction it might be collaterally attacked in the same or other proceedings long after judgment has been entered. Collateral attack might be effectuated under Rule 60(b)(4). *Chavez v. County of Valencia*, 86 N.M. 205, 521 P.2d 1154 (1974). Furthermore, if relief is denied under Rule 60(b)(4) then a party has a right to appeal. These two approaches, direct appeal and collateral attack followed by appeal, are alternative rights, not cumulative rights. Only one right of appeal exists, not two or more.

*Parks v. Parks*, 91 N.M. 369, 574 P.2d 588 (1978) lays this case at rest. In *Parks*, the plaintiff sought to reopen a judgment under Rule 60(b)(6) long after the time for appeal had expired. Relying upon *Chavez*, the Supreme Court said:

. . . *Rule 60(b) may not be used to aid counsel who neglect to prosecute an appeal. Rule 60(b)(6) may not be used as*

*a substitute for appeal* and does not toll the time for appeal. [Emphasis added.] [574 P.2d at 590.]

 In the instant case plaintiff's attorney neglected to prosecute the appeal to vacate the second judgment within the requisite time fixed by Rule 3 of the Rules Governing Appeals [§ 21–12–3, N.M.S.A. 1953 (Repl. Vol. 4, 1977 Supp.)]. Upon this jurisdictional problem, the appeal was dismissed as untimely. The judgment below became unassailable. To procure a second appeal, plaintiff now seeks to vacate or set aside the second judgment via Rule 60(b)(4) to acquire a second appeal. "As an apple of Sodom," plaintiff's second appeal turns into ashes. Rule 60(b)(4) lost its flavor and cannot be used as a substitute for the first appeal.

Upon this basis, plaintiff's first point lacks merit.

Plaintiff's second point seeks relief by way of an independent action in equity as provided by Rule 60(b) which states:

> . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . .

 Under this provision, a party can bring an action in equity attacking the validity of a judgment and seeking to enjoin its enforcement. This action may be brought in the court that rendered the original judgment, in another court, or by collateral attack in any proceeding in which the validity of the judgment was in issue. 7 Moore's Federal Practice, ¶ 60.25[3], pp. 311–12 (1978).

 But the facts in the instant case are not appropriate for recourse in equity.

Plaintiff seeks equitable relief on the same claim as that under Rule 60(b)(4)—that the second judgment is in contravention of § 59–10–13.5 and therefore void. Of course, it is not. Plaintiff gave this issue a passing fancy in argument. Section 59–10–13.5 reads in pertinent part:

> If, upon petition of any party in interest, the court determines in cases of *total permanent disability* . . . that it is

for the best interests of the parties entitled to compensation, . . . the liability of the employer for compensation may be discharged by the payment of a lump sum . . . . [Emphasis added.]

Defendants did not seek a discharge of liability wherein the plaintiff was totally and permanently disabled. See for cases involving § 59–10–13.5, *Briscoe v. Hydro Conduit Corporation,* 88 N.M. 568, 544 P.2d 283 (Ct.App.1975), Sutin, J., specially concurring; *Arther v. Western Company of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.1975); *Sanchez v. Kerr McGee Company, Inc.,* 83 N.M. 766, 497 P.2d 977 (Ct.App.1972).

Defendants sought the relief allowed under § 59–10–25 which reads in pertinent part:

> The district court . . . has the right and power to . . . *approve any settlement* . . . of any claim for compensation by any injured workman . . . for the . . . lump sum . . . . [Emphasis added.]

The trial court did approve the "claimed" lump sum settlement agreement.

On appeal, plaintiff also asserts that the trial court could not authorize a lump sum settlement because there was no such agreement, that even if there were such an agreement it is obviously unfair, and that therefore, plaintiff should be afforded equitable relief.

 It is established law that equitable relief is discretionary and to be invoked only upon a showing by plaintiff of "exceptional circumstances." *Chavez, supra.* The guidelines for granting equitable relief under Rule 60(b)(6) are equally applicable to an independent action in equity as Rule 60(b) provides a modern statutory restatement of the ancient writs for equitable relief. *Preveden v. Hahn,* 36 F.Supp. 952 (S.D.N.Y.1941); 3 Barron and Holtzoff, Federal Practice & Procedure, §§ 1331, 1332 (Wright Ed. 1958). If a party seeking relief cannot point to "exceptional circumstances," discretion plays no role in a determination of the relief requested. Relief is auto-

matically denied. Unfortunately, the second judgment states that the cause came "on for hearing upon the Stipulation of the parties for a lump sum settlement"; that the court "heard the evidence," and was "advised that the plaintiff entered into the Stipulation for Settlement and consented that Judgment be entered thereon of his own accord . . .." No record of the hearing was requested and none was made. Plaintiff's response is:

The facts clearly show that there was no meeting of the minds as to this alleged stipulation.

■■■■ Plaintiff's argument may have some merit, but we must remind attorneys that we do not sit as a trial court, weigh the evidence and find the facts. This function lies entirely within the province of the trial court. The appellate function is to determine questions of law. *Maisel v. Wholesome Dairy, Inc.,* 79 N.M. 310, 442 P.2d 800 (Ct.App.1968). We have a well-established rule that upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court, and we indulge such presumption in support of the order entered. *Fisher v. Terrell,* 51 N.M. 427, 187 P.2d 387 (1947).

HERNANDEZ, J. (concurring in result only).

LOPEZ, J., concurs.